IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEAN R. BUNDY | * | |
| Petitioner | * | |
| v. | * | Civil Action No. WDQ-14-1374 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

MEMORANDUM

The above-styled petition seeking coram nobis relief was filed by Sean Bundy ("Bundy") with respect to a 2004 federal conviction for driving while intoxicated and disorderly conduct. ECF 1. Respondent was directed to file an answer and did so with leave to file out of time.[1] ECF 9. Petitioner has filed a Reply (ECF 17) and the matter is now ripe for dispositive review. No hearing is required. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, the Petition must be dismissed.

Bundy states that in the spring of 2004, while traveling on a roadway through a federal park, he swerved to avoid a collision with another vehicle, but hit the other car and flipped his car three times, and required hospitalization. ECF 1 at pp. 1 – 2. While at the hospital Bundy maintains that he was informed his blood would be drawn to check for blood alcohol levels. Although he told the nurse that he suffers from a deadly fear of needles, Bundy was forcefully held down by law enforcement officers after he began to panic so that blood could be drawn. *Id.* at p. 2. Bundy claims he panicked, began shouting, and inadvertently spit on the nurse drawing blood. He states the officers interpreted his fear reaction as resistance and after his blood was

---

[1] The Order requiring an Answer within 40 days was issued on May 5, 2014. ECF 2. Counsel asserted the Petition was not brought to the attention of the criminal division of the United States Attorney's Office until July 22, 2014, and counsel filed an Answer three days later. ECF 9. Because the Answer was filed with the Motion for Leave to File Out of Time, the motion was granted. ECF 10.

drawn and tested, he was charged with disorderly conduct in violation of 36 C.F.R. 2.34 and driving while intoxicated in violation of 36 C.F.R. 4.23(a)(2). Bundy later entered a guilty plea and was sentenced on November 17, 2004, to seven months incarceration. No appeal was filed. *Id.*

Bundy is no longer serving the sentence imposed and is precluded from challenging the validity of the conviction by seeking habeas corpus relief. He asserts entitlement to a writ of coram nobis alleging his trial attorney did not provide effective assistance of counsel when he failed to file a pre-trial motion to suppress the results of the blood test obtained absent a warrant or consent. ECF 1. Bundy cites unspecified collateral consequences emanating from the 2004 convictions. *Id.*

Respondent asserts the Petition should be denied because Bundy waived the alleged Fourth Amendment error when he entered his guilty plea; there existed other avenues for raising the issues now asserted which Bundy did not utilize; the Petition is untimely; and Bundy fails to identify facts that, if true, would establish the conviction was erroneous. ECF 9. Bundy maintains in response that he did not discover counsel's error until the Supreme Court issued the decision in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013).[2] ECF 17.

A writ of error coram nobis is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue. *See* 28 U.S.C. §1651 (2006); *Morgan*, 346 U.S. at 512-13. Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal

---

[2] *McNeely* concerns a warrantless search of a drunk driving suspect where blood was drawn. The Court held that the natural metabolization of alcohol in the bloodstream is not a per se exigency justifying an exception to the Fourth Amendment's search warrant requirement; rather, exigencies must be determined on a case-by-case basis.

proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). This extraordinary writ is used where "no other remedy may be available," where "error of the most fundamental character" has occurred. *United States v. Mandel*, 862 F.2d, 1067, 1075 (4th Cir. 1988). Coram nobis relief may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. *Id.* The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429.

To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Bazuaye*, 399 Fed. Appx. 822, 2010 W.L. 4366456, *1 (4th Cir. 2010) (unpublished), citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

Bundy's claim in the instant case centers on a Sixth Amendment claim that trial counsel was ineffective, a claim ordinarily raised in the context of a Motion to Vacate filed pursuant to 28 U.S.C. §2255. *See Massaro v. United States*, 538 U.S. 500, 505 (2003). As asserted by Respondent, Bundy had this remedy available to him immediately following his conviction and he offers no cognizable basis for excusing his failure to do so. Bundy's assertion that he was unaware of counsel's alleged error prior to the Supreme Court's 2013 decision in *McNeely* is without merit. First, the decision in *McNeely* did not create a new claim regarding Fourth Amendment law and warrantless searches; thus, Bundy's claim existed immediately following his conviction. Second, Bundy's lack of knowledge regarding the law is not a basis for equitably tolling the statute of limitation on a Motion to Vacate. *See Harris v. Hutchinson*, 209 F. 3d 325,

3

330 (4th Cir. 2000). Thus, Bundy had a "more usual remedy" available, but simply failed to avail himself of it. There is no valid reason for the ten-year delay in asserting the instant claim.

Moreover, Bundy presents "no factual errors material to the validity and regularity of the legal proceeding itself," *Carlisle* 517 U.S. at 429, nor demonstrates "error of the most fundamental character," *Mandel*, 862 F.2d at 1075, to justify relief. There is no evidence that had Bundy's counsel filed a pre-trial motion to suppress the blood test results, the motion would have been successful. Bundy's sole assertion regarding the search is that he has an uncontrollable fear of needles. That assertion does not *ipso facto* render the warrantless search invalid. As observed by the Supreme Court with respect to blood tests for alcohol content, a warrant is not required where exigent circumstances, including prevention of the imminent destruction of evidence, exists. See *McNeely*, 133 S. Ct. at 1558- 59. Thus, notwithstanding Bundy's refusal to consent to the search, another valid exception to warrantless searches may have existed and it is dubious at best that trial counsel's failure to file a motion to suppress the blood test results could be viewed as deficient performance. See *Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.").

Bundy has failed to establish the extraordinary circumstances required for entitlement to coram nobis relief. Accordingly, the Petition shall be denied.

_10/15/14_  
Date

_William D. Quarles, Jr._  
United States District Judge